UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMAURYS DE JESUS FERREIRA,

    Plaintiff,

v.                          Case No. 5:18-cv-62-Oc-33PRL

UNITED STATES OF AMERICA,
DR. HECTOR LOPEZ, DR. IVAN NEGRON,
and EDGAR MORALES,

    Defendants.
_____

ORDER

Plaintiff, an inmate at the Coleman Federal Correctional Complex, alleges in his *pro se* complaint that Defendants failed to provide him with adequate medical care for injuries to his right arm, in violation of the Eighth Amendment and the Federal Tort Claims Act (FTCA) (Doc. 1); *see Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials); 28 U.S.C. §§ 1356(b) and 2671-80 (FTCA). The Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 18, 19). Plaintiff has responded to the motions to dismiss (Doc. 22). Accepting as true the allegations in the Complaint and viewing them in the light most favorable to Plaintiff, Defendant's motions to dismiss should be and are hereby **granted**.

PLAINTIFF'S ALLEGATIONS

Plaintiff claims that prison officials were deliberately indifferent to his serious medical needs in connection with the care he has received for a torn tricep, torn rotator cuff, and injured elbow on his right arm. (Doc. 1.) The history of his medical care as described by Plaintiff, is as follows:

**July 15, 2015:** Plaintiff arrived at FCC Coleman – Low and informed medical staff of severe pain in his right arm due to a torn rotator cuff and a tear in his tricep. He was instructed to go to sick call at a later time.

**July 19, 2015:** Plaintiff visited sick call and was given pain medication and a sling.

**October 10, 2015:** Plaintiff was transported to an outside facility for an MRI of his right arm, which showed a torn tendon at the elbow and a ruptured tricep of 2.2 centimeters.

**December 8, 2015:** Plaintiff obtained a letter dated November 10, 2015, from Defendant Lopez, FCC Coleman Clinical Director, stating that Plaintiff was "approved for procedure/consult and will be scheduled accordingly." *Id.* at p. 11.

**January 7, 2016:** Plaintiff was transported to an outside facility and examined by Dr. Carl Ollivierre, who recommended immediate surgery. He referred Plaintiff to an orthopedic surgeon.

**February 24, 2016:** Plaintiff was examined by orthopedic surgeon Dr. Brian Banard, who concluded that Plaintiff's ruptured tricep was approximately 19 months old. Dr. Banard recommended surgery the following week, which would need to be followed with immobilization and then physical therapy. Dr. Banard opined that because of the length of time the muscle had been torn, recovery could not be guaranteed. Upon returning to FCC Coleman, Plaintiff saw the medical duty official become visibly upset about the scheduled surgery. *Id.* at p. 12.

**June 17, 2016**: Plaintiff received a letter from Defendant Dr. Hector Lopez, dated April 14, 2016, stating that the surgery had been disapproved by the Regional Office and that conservative treatment would be continued. Plaintiff continued to received pain medication, and Defendants Dr. Negron and MLP Morales would administer cortisone shots to Plaintiff's shoulder upon request. On one occasion, Plaintiff's elbow was swollen three times its normal size, and he was given antibiotics for an elbow infection. *Id.* at p. 13.

**May 11, 2017:** Plaintiff underwent another MRI of his right arm, indicating that the rupture of his tricep had expanded from 2.2 centimeters to 3.8 centimeters.

**September 22, 2017**: Plaintiff was examined again by Dr. Carl Ollivierre.

**November 22, 2017**: Plaintiff reported to sick call complaining of extreme pain and was transported to University of Florida Health, where he was evaluated by an orthopedic surgeon. The surgeon told Plaintiff he would need another MRI "for below the elbow" prior to surgery.

Plaintiff claims that Dr. Lopez, Dr. Negron, and MLP Morales were negligent and deliberately indifferent to his serious medical needs. He seeks unspecified monetary damages and a jury trial. (Doc. 1).

MOTION TO DISMISS STANDARD

The validity of a motion to dismiss is determined by examining the four corners of the Complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). In determining whether to grant a motion to dismiss, the Court considers the allegations in the Complaint as true and construes the complaint in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint is subject to dismissal for failure to state a claim if the facts pled do not state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To be considered plausible on its face, a complaint must contain facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Twombly,* 550 U.S. at 556. In fact, a plaintiff must allege enough

facts that are plausible on their face to be "nudged across the line" from conceivable to plausible. *Id.* at 570.

Specifically, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. Additionally, a formulaic recitation of the elements of a cause of action will not do. *Id.* at 555 (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal quotations and citations omitted).

Finally, the Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

**DISCUSSION**

*Eighth Amendment Deliberate Indifference*

Plaintiff claims that Defendants Dr. Lopez, Dr. Negron, and MLP Morales were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff alleges in his Complaint that he did receive medical care—shots, MRIs, outside consultations, pain medication, and a sling—but that the conservative treatment and failure to ensure his arm was timely surgically repaired amounted to a constitutional violation.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)).

4

"To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb Cnty.*, 774 F. 2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F. 2d 1495, 1505 (11th Cir.1991) ("Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)).

Here, taking Plaintiff's allegations as true and construing the Complaint in the light most favorable to Plaintiff, he has failed to state a claim for a constitutional violation. Although Plaintiff alleges that Defendants Lopez, Negron, and Morales were deliberately indifferent to his serious medical needs, they did provide an involved course of treatment—cortisone injections, pain medication, and a sling—along with multiple diagnostic studies and consultations with outside physicians. Even attributing a negligent delay in treatment to the individual defendants, "[m]edical malpractice does not become a constitutional violation merely because

the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff's *Bivens* claims against the individual defendants must be dismissed with prejudice because he has failed to state a claim as a matter of law.

*Federal Tort Claims Act*

In his Complaint, Plaintiff cites both the Constitution and the Federal Tort Claims Act (FTCA) as the bases for his claims; he alleges that defendants were both deliberately indifferent and negligent. (Doc. 1, pp. 8, 15). In its motion to dismiss (Doc. 18), the United States asserts that the FTCA claim should be dismissed because Plaintiff did not comply with state law pre-suit requirements; he failed to submit a verified written medical expert opinion supporting his claim. (Doc. 10); Fla. Stat. § 766.203(2). In his response to the motion to dismiss, Plaintiff withdraws his tort claims. (Doc. 22, p. 6). Plaintiff states that his "complaint sounds in Defendants' violations of Plaintiff's constitutional rights" and therefore the medical malpractice statutes are "inapplicable." *Id.*

"Eleventh Circuit law is not settled on" the issue of "whether Florida's medical malpractice presuit procedural requirements apply to medical malpractice claims under the FTCA." *Bello v. United States*, ___ Fed. Appx. ___, 2018 WL 6431535, at n. 1 (11th Cir. Dec. 6, 2018) (unpublished); *see also Danhi v. Charlotte Cnty. Sheriff's Dep't*, 2006 WL 2226323 (M.D. Fla. Aug. 3, 2006) (dismissing FTCA medical malpractice claim for failure to comply with Florida's presuit notice requirements); *Novak v. United States*, 2016 WL 3447365 (M.D. Fla. June 23, 2016) (applying presuit notice requirements to FTCA claim); *cf. Bridges v. United States*, 2017 WL 3730567 (M.D. Fla. May 17, 2017) (declining to apply Florida presuit notice requirements to FTCA claim) and *Braddock v. Orlando Reg'l Health Care Sys.*, 881 F. Supp. 580, 583-84 (M.D. Fla. 1995) ("where states have created specialized hurdles for filing

particular causes of action, as Florida has with regard to medical malpractice suits, the Eleventh Circuit has consistently favored the federal rules.").

Here, because Plaintiff has withdrawn his FTCA claims, the Court need not decide whether the presuit requirements are applicable.

## Conclusion

Plaintiff's Complaint fails to state a claim for deliberate indifference to his serious medical needs. The motions to dismiss (Docs. 18, 19) by the individual Defendants—Lopez, Negron, and Morales—are granted, and the *Bivens* claims are dismissed with prejudice.

Plaintiff has withdrawn his negligence claim. The United States' motion to dismiss (Doc. 18) is granted, and Plaintiff's FTCA claim is dismissed without prejudice.

Accordingly, the Court orders:

That Defendants' motions to dismiss (Docs. 18, 19) are granted. The Clerk is directed to enter judgment for the Defendants and close this case.

ORDERED at Ocala, Florida, on January 23, 2019.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Amaurys De Jesus Ferreira